UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

HELEN SWARTZ, Individually,                 :
                                            :
       Plaintiff,                         :
vs.                                         :
                                            :  Case No.
BSREP III COCONUT GROVE LLC,                :
a Delaware Limited Liability Company,       :
                                            :
       Defendant.                         :
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, BSREP III COCONUT GROVE LLC, a Delaware Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

    1.    Plaintiff, Helen Swartz, is an individual residing in Miami, FL 33132, in the County of Miami-Dade.

    2.    Defendant's property, The Mayfair at Coconut Grove Hotel, is located at 3000 Florida Avenue, Miami, FL 33132, in the County of Miami-Dade.

    3.    Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and the

Defendant does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Helen Swartz suffers from multiple sclerosis. She was diagnosed twenty years ago and as a result of losing her ability to ambulate, she uses a mobility scooter. Family and friends often visit her in the Miami area and she enjoys visiting with them at the various hotels in which they stay. Ms. Swartz sometimes stays in hotels with them to eliminate the need to return home late, as fatigue is a significant component of the disease. She and her husband also enjoy celebrating special events such as birthdays and anniversaries by enjoying hotel restaurants and spending the night to use spa amenities. Ms. Swartz's granddaughter enjoys using the hotel pools when visiting Miami and Ms. Swartz enjoys treating her granddaughter to overnight stays in hotels in Miami.

6. Helen Swartz visited the property which forms the basis of this lawsuit from November 20 through November 21, 2019. Ms. Swartz has reservations to return to the property from June 8, 2020 through June 9, 2020. She will be returning to the property to accompany her granddaughter, who is thinking of relocating and wishes to get a sense of the area. Plaintiff also wishes to avail herself of the goods and services available at the property, and to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7. The Plaintiff has encountered architectural barriers at the subject property. The

barriers to access at the properties have impaired her ability to access the hotel safely, to safely enjoy the fitness centr, to use restrooms in the hotel, to safely use the restroom and other areas in the accessible guestroom.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Mayfair at Coconut Grove Hotel, and is located at 3000 Florida Avenue, Miami, FL   33132.

9. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Helen Swartz desires to visit The Mayfair at Coconut Grove Hotel, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of

$500,000 or less). A preliminary inspection of The Mayfair at Coconut Grove Hotel has shown that violations exist. These violations that Helen Swartz has personally encountered or observed, and which were verified by an ADA expert, include, but are not limited to:

   a.   A vehicle pull-up space is not provided on the site. This is in violation of section 503.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

   b.   The key card and call buttons are out of reach to a person in a wheelchair. This is in violation of section 407.2.1.1 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to access the facility.

   c.   Accessible seating is not provided at the assorted tables and bars inside and outside the hotel. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition made it difficult for the Plaintiff access the tables and bars around the hotel.

   d.   Appropriate handrails are not provided by the stairways. This is in violation of section 504.6 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to use.

   e.   The hotel house phones are out of reach to a person in a wheelchair. This is in violation of sections 309 and 704 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to use.

   f.   In the accessible guestroom, the controls to operate the window treatments cannot be accessed. This is in violation of sections 309.3 & 806.2.6 of the 2010 Standards for Accessible Design. §36.304. This conditioned denied the plaintiff to access to the window controls.

   g.   In the accessible guestroom, the closet rod is out of reach to a person in a wheelchair. This is in violation of section 811 of the 2010 Standards for Accessible Design. §36.304. This conditioned denied the plaintiff to access to the closet.

   h.   In the accessible guestroom, the lights require tight grasping, pinching, or twisting of the wrist to operate. This is in violation of section 309 of the 2010 Standards for Accessible Design. §36.304. This conditioned denied the plaintiff to access to the closet.

   i. In the accessible guestroom bathroom, the flush control is on the closed side the water closet.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to access the facility.

   j. In the accessible guestroom bathroom, the pipe underneath the lavatory is exposed.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to access the facility.

   k. In the accessible guestroom bathroom, appropriate grab bars are not provided by the bathtub.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to access the facility.

   l. In the accessible guestroom bathroom, a secure bathtub seat is not provided in the bathtub.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to access the facility.

   m. In the accessible guestroom bathroom, a shower unit is not provided in the bathtub.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to access the facility.

   n. In the accessible guestroom bathroom, access is not provided to enter the bathtub.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to access the facility.

   o. In the accessible guestroom bathroom, a fixed shower seat is not provided in the roll-in shower.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to access the facility.

   p. In the accessible guestroom bathroom, the shower unit in the roll-in shower is out of reach.  This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to access the facility.

   q. The shower spray unit in the roll-in shower in the accessible guestroom

bathroom does not have an on/off control with a non-positive shut-off. This is in violation of section 806.2.4 of the 2010 Standards for Accessible Design §36.304. This condition makes it difficult for the plaintiff to use.

      r.      Items in the accessible guestroom and bathroom are out of reach to a person using a wheelchair. This is in violation of sections 308 and 806 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

      s.      In the hotel exterior toilet room, the pipe underneath the lavatory is exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

      t.      In the hotel exterior toilet room, the mirror is too high. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

      u.      In the hotel exterior toilet room, the hook is out of reach to a person in a wheelchair. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

      v.      In the hotel 2nd floor toilet room, the location of the water closet is positioned too far from a side wall. This is in violation of section 604.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

      w.      In the hotel 2nd floor toilet room, the accessible door hardware requires tight grasping, pinching, or twisting of the wrist to operate. This is in violation of section 404.2.7 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

      x.      A clear width is not provided to enter the assorted business center rooms. This is in violation of section 404.2.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

      y.      In the accessible changing room, the flush is on the closed side of the water closet. This is in violation of section 604.6 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

      z.      In the accessible changing room, the location of the water closet is

positioned too far from a side wall. This is in violation of section 604.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

  aa. In the accessible changing room, the mirror is too high. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

  bb. In the accessible changing room, the hook is too high. This is in violation of section 308 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

  cc. The pool shower has a fixed shower head that out of reach to a person in a wheelchair. This is in violation of section 608.6 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to access the facility.

  dd. The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section 224.2 of the Standards. This is in violation of section 224 of the 2010 Standards for Accessible Design. §36.304. This denies to Plaintiff the full and equal opportunity to stay at the subject hotel.

  **<u>Maintenance</u>**

  ee. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

12. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines, and the 2010 ADA Standards for Accessible Design (ADAAG), as promulgated by the U.S. Department of Justice.

13. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other

individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

14. Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

16. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Mayfair at Coconut Grove Hotel to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated:   December 5, 2019                      Respectfully submitted,

/s/   Lawrence A. Fuller
Lawrence A. Fuller, Esq. (FBN 0180470)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com
*Attorney for Plaintiff Helen Swartz*